<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD HIGGS, | : |
| Plaintiff, | : Civil Action No. 15-2900 (BRM) (JSA) |
| v. | : **OPINION** |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an unopposed[1] Motion for Summary Judgment filed by Defendants Michael Meyers ("Meyers") and Shaun Green[2] ("Green"), (collectively, "Moving Defendants") seeking to dismiss Donald Higgs's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 249.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **DENIED**.

**I.   BACKGROUND**

The following facts are drawn from Defendants' statement of material facts and accompanying exhibits, which are deemed admitted for the purposes of Defendants' Motion in

---

[1] On October 19, 2023, Plaintiff was given an extension of time until November 20, 2023, to file a response to Defendants' Motion for Summary Judgment. (ECF No. 251.) At the time of the filing of this Opinion, Plaintiff has not filed an opposition to the Motion.

[2] Plaintiff's initial complaint identified this defendant as Mark Green. However, it was later clarified that Shaun Green was the proper defendant. (*See* ECF No. 27 at 3; *see also* ECF No. 29 at 3, fn. 1.)

light of Plaintiff's failure to oppose the Motion or dispute their statement of material facts. *See* Fed. R. Civ. P. 56(e)(2); Local Civil Rule 56.1. Where the record evinces a disputed fact, the Court will take notice. In addition, the facts have been taken in the light most favorable to Plaintiff as the non-moving party, with all reasonable inferences drawn in his favor.

On May 12, 2014, Defendant Myers was dispatched to the scene of an alleged carjacking. (ECF No. 249-2, Defendants' Stat. of Mat. Facts Not in Dispute ("DSOMF") ¶¶ 3-4.) Upon arrival at the scene, a church parking lot, Defendant Myers spoke with the victim of the carjacking. (*Id.* ¶¶ 5, 23.) The victim informed Defendant Myers that a "thin, dark skinned black male with a bald head wearing a black hooded sweatshirt and blue jeans began tampering with the victim's brother's vehicle." (*Id.* ¶ 6.) According to the victim, when he attempted to scare the suspect, the suspect brandished a gun and demanded the victim provide him with the keys to the car and his cell phone. (*Id.* ¶¶ 7–8.) The suspect left the scene in the victim's vehicle. (*Id.* ¶ 9.) The owner of the vehicle, the victim's brother, informed police that the vehicle was equipped with an OnStar system for location tracking. (*Id.* ¶ 10.) Defendant Myers transported the victim and his brother to police headquarters to provide a statement to Defendant Green, a detective with the Detective Division. (*Id.* ¶ 11–12.)

While Defendant Green was taking the victim's statement, OnStar informed the owner that his vehicle was parked at a location in Newark, New Jersey. (*Id.* ¶¶ 12, 22.) Defendant Myers, Defendant Green, the victim, and the vehicle owner proceeded to the Newark location. (*Id.* ¶¶ 13–14, 25.) The vehicle was found parked and unoccupied in front of the Mega Sports Bar. (*Id.* ¶ 13.) Defendant Green contacted headquarters, advised them of their findings, and requested a tow service to "tow the vehicle to be placed into storage for processing." (*Id.* ¶ 26.)

Defendant Green submits that upon observing several cameras affixed to the sports bar, he entered the bar to ascertain whether any surveillance video could be obtained. (*Id.* ¶ 27.) The Court takes notice that Plaintiff's deposition testimony disputes Defendant Green's submission. Plaintiff claims that Defendant Green was untruthful in his incident report and that Defendant Green was never inside the sport bar that night. (ECF No. 231-1 at 72–110, Pl.'s Dep. 7/16/2021 at 16:3–20.) Plaintiff submits that he was arrested at 3:30 a.m. and the sports bar was closed at that time. (*Id.* at 22:18–20, 32:20–22, 35:7–17, 37:13–21.) Plaintiff claims Defendant Green was never inside the sports bar on the evening of his arrest. (*Id.* at 38:12–18.)

While awaiting a tow vehicle in his marked patrol vehicle with the victim and the vehicle owner, Defendant Myers observed Plaintiff, a "thin black male with a bald head wearing a black hooded sweatshirt and blue jeans," walking south on North 5th Street towards Defendant Myers' location. (DSOMF ¶¶ 14–15.) Defendant Myers submits the victim positively identified Plaintiff as the person who had stolen the victim's brother's vehicle at gun point. (*Id.* ¶ 16.) Although Plaintiff failed to respond to the Motion for Summary Judgment, the Court takes notice that Plaintiff's deposition disputes this fact. Plaintiff testified at his deposition that the victim was not in any police vehicle at the time of his arrest. (Pl.'s Dep. 7/16/2021 at 35:7–36:3, 55:18–21, 60:17–61:6.) Defendant Myers exited his marked patrol vehicle, drew his service weapon, and ordered Plaintiff to lay on the ground. (DSOMF ¶ 17.) Defendant Green responded and assisted in placing Plaintiff under arrest. (*Id.* ¶ 30.) The vehicle was processed for fingerprints and fingerprint analysis revealed Plaintiff's fingerprints were located inside the vehicle. (*Id.* ¶ 31.)

In April 2015, Plaintiff filed his initial complaint asserting claims against Defendants Myers and Green, alleging claims of false arrest and false imprisonment pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) In June 2015, Plaintiff filed an amendment to his complaint adding claims

against Defendants in their official capacity, as well as claims against the county prosecutor and his assigned attorney. (ECF No. 2.) On June 30, 2015, the Court[3] entered an order screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (ECF No. 6.) The Court proceeded Plaintiff's claims against Defendants in the individual capacity and dismissed all other claims. (*Id.*) Plaintiff filed numerous letter requests and motions to amend his complaint, with proposed additional defendants and claims. (ECF Nos. 5, 9, 12, 19, 20, 27, 44, 191, 210, and 215.) The Court reviewed Plaintiff's proposed amendments and dismissed various defendants and claims. (ECF Nos. 13, 29, 62, 203, and 225.) Plaintiff's false arrest/imprisonment claims against Defendants in their individual capacities are the only remaining claims in this matter. (*See* ECF No. 29.)

On June 23, 2023, Defendants filed this Motion for Summary Judgment. (ECF No. 249.) Defendants argue Plaintiff's claims against them should be dismissed because Plaintiff has failed to provide evidence to support his claims of false arrest/false imprisonment under 42 U.S.C. § 1983 or N.J.S.A. 10:6-2(c). (*See id.*)

## II.   LEGAL STANDARD

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The mere existence of an alleged disputed fact is not enough. Rather, the opposing party must prove that there is a genuine issue of a material fact. *Id.* An issue of

---

[3] This matter was initially assigned to the Honorable Jose L. Linares. On May 22, 2019, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 93.)

material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the lawsuit. *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.*

On a summary judgment motion, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. To meet its burden, the nonmoving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Thus, the nonmoving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### III.    DECISION

Plaintiff alleges Defendants lacked probable cause for his arrest. Plaintiff claims Defendants statements that the victim was in the police vehicle and identified Plaintiff while he was walking down the street near the carjacked vehicle is false. Plaintiff also alleges that Defendant Green's statement that he was inside the sports bar reviewing camera footage at the time Plaintiff was stopped is false. (*See generally* Pl.'s Dep.) Defendants move for summary judgment on Plaintiff's § 1983 false arrest and/or false imprisonment claim. (ECF No. 249-3 at 10–12.)

Defendants argue that Plaintiff has failed to provide evidence of a constitutional violation. (*Id.* at 11.)

To state a claim for false imprisonment, a plaintiff must establish: (1) that he was detained; and (2) that the detention was unlawful. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). The elements of a false-arrest claim are (1) that an arrest occurred; and (2) that the arrest was made without probable cause. *See id.* at 634. "Probable cause to arrest exists where the arresting officer has knowledge of facts and circumstances sufficient to permit a prudent person of reasonable caution to believe that the person arrested has committed an offense." *Young v. City of Hackensack*, No. 04-2011, 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005), *aff'd*, 178 F. App'x 169 (3d Cir. 2006).

Defendants have failed to meet their burden to show that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Defendants argue that Plaintiff has failed to provide any evidence for his allegations that Defendants provided false statements in their incident reports. In support of their argument that there is no genuine issue of material fact, Defendants have provided certifications for both Defendant Myers and Defendant Green. (ECF Nos. 249-10, 249-11.) Defendant Myers submits that Defendants, the victim, and his brother drove to the area designated by OnStar as the location of the vehicle. (ECF No. 249-10, Myers Cert. ¶ 11.) While waiting for a tow vehicle in his marked patrol vehicle with the victim and the owner, Defendant Myers observed Plaintiff, a "thin black male with a bald head wearing a black hooded sweatshirt and blue jeans," and the victim identified the individual as the person who had committed the carjacking. (*Id.* ¶¶

6

13–15.) Defendant Green submits that upon observing several cameras affixed to the sports bar, he entered the bar to ascertain whether any surveillance video could be obtained. (ECF No. 249-11, Green Cert. ¶ 9.)

While Defendants argue that Plaintiff fails to dispute the facts submitted in Defendants certification and there in no genuine issue of material fact in the record, Defendants fail to address Plaintiff's sworn deposition testimony. Plaintiff testified at his deposition that the victim was not in any police vehicle at the time of his arrest. (Pl.'s Dep. 7/16/2021 at 35:7–36:3, 55:18–21, 60:17–61:6.) Plaintiff also testified Defendant Green was never inside the sport bar that night. (*Id.* at 16:3–20.) Plaintiff submits he was arrested at 3:30 a.m. and the sports bar was closed at that time. (*Id.* at 22:18–20, 32:20–22, 35:7–17, 37:13–21.) Plaintiff's sworn deposition testimony is sufficient to establish a genuine issue of material fact regarding the circumstances of his arrest. *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) (finding sworn deposition testimony setting forth specific facts that contradict Defendants' evidence can establish a genuine issue of material fact). This factual dispute remains outstanding based on the record before the Court. The Court must view the evidence "with all reasonable inferences in favor of the nonmoving party[.]" Fed. R. Civ. P. 56; *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000). For these reasons, Defendants' motion for summary judgment is denied without prejudice.[4]

---

[4] Defendants also move for dismissal of Plaintiff's claims under New Jersey Civil Rights Act, N.J.S.A. 10:6-2. (ECF No. 249-3 at 13–14.) However, the Complaint did not raise a claim under N.J.S.A. 10:6-2 and the Court proceeded only Plaintiff's § 1983 claims against Defendants. (*See* ECF Nos. 1, 6, 29.) Therefore, the Court will not address Defendants' second argument.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 249) is **DENIED**. An appropriate order follows.

Dated: December 7, 2023

　　　　　　　　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**