**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DONALD HIGGS, | : | |
| | : | |
| | : | Civil Action No. 15-2900 (BRM) (JSA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Second Motion for Summary Judgment filed by Defendants Michael Meyers ("Meyers") and Shaun Green[1] ("Green"), (collectively, "Defendants") seeking to dismiss Donald Higgs's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 271.) Plaintiff filed a response (ECF No. 272), and Defendants filed replies (ECF Nos. 273, 274). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion for Summary Judgment is **DENIED**.

---

[1] Plaintiff's initial complaint identified this defendant as Mark Green. However, it was later clarified that Shaun Green was the proper defendant. (*See* ECF No. 27 at 3; *see also* ECF No. 29 at 3 n.1.)

## I.  BACKGROUND

On June 23, 2023, Defendants filed their first Motion for Summary Judgment (ECF No. 249), which the Court denied on December 7, 2023 (ECF Nos. 253, 254). The following factual and procedural background was previously detailed in the Court's December 7, 2023 Opinion:[2]

> On May 12, 2014, Defendant Myers was dispatched to the scene of an alleged carjacking. (ECF No. 249-2, Defendants' Stat. of Mat Facts Not in Dispute ("DSOMF"), ¶¶ 3–4.) Upon arrival at the scene, a church parking lot, Defendant Myers spoke with the victim of the carjacking. (*Id.* ¶¶ 5, 23.) The victim informed Defendant Myers that a "thin, dark skinned black male with a bald head wearing a black hooded sweatshirt and blue jeans began tampering with the victim's brother's vehicle." (*Id.* ¶ 6.) According to the victim, when he attempted to scare the suspect, the suspect brandished a gun and demanded the victim provide him with the keys to the car and his cell phone. (*Id.* ¶¶ 7–8.) The suspect left the scene in the victim's vehicle. (*Id.* ¶ 9.) The owner of the vehicle, the victim's brother, informed police that the vehicle was equipped with an OnStar system for location tracking. (*Id.* ¶ 10.) Defendant Myers transported the victim and his brother to police headquarters to provide a statement to Defendant Green, a detective with the Detective Division. (*Id.* ¶ 11–12.)
>
> While Defendant Green was taking the victim's statement, OnStar informed the owner that his vehicle was parked at a location in Newark, New Jersey. (*Id.* ¶¶ 12, 22.) Defendant Myers, Defendant Green, the victim, and the vehicle owner proceeded to the Newark location. (*Id.* ¶¶ 13-14, 25.) The vehicle was found parked and unoccupied in front of the Mega Sports Bar. (*Id.* ¶ 13.) Defendant Green contacted headquarters, advised them of their findings, and requested a tow service to "tow the vehicle to be placed into storage for processing." (*Id.* ¶ 26.)
>
> Defendant Green submits that upon observing several cameras affixed to the sports bar, he entered the bar to ascertain whether any surveillance video could be obtained. (*Id.* ¶ 27.) The Court takes notice that Plaintiff's deposition testimony disputes Defendant Green's submission. Plaintiff claims that Defendant Green was

[2] The statement of facts provided by Defendants in the instant Motion do not include these previously submitted facts. (*See* ECF No. 271-3 at 6–10.) Here, Defendants add additional facts to the previously submitted facts. In the interest of clarity, the Court quotes these previously summarized facts.

untruthful in his incident report and that Defendant Green was never inside the sport bar that night. (ECF No. 231-1 at 72–110, Pl.'s Depo. 7/16/2021 at 16:3–20.) Plaintiff submits that he was arrested at 3:30 a.m. and the sports bar was closed at that time. (*Id.* at 22:18–20, 32:20–22, 35:7–17, 37:13–21.) Plaintiff claims Defendant Green was never inside the sports bar on the evening of his arrest. (*Id.* at 38:12–18.)

While awaiting a tow vehicle in his marked patrol vehicle with the victim and the vehicle owner, Defendant Myers observed Plaintiff, a "thin black male with a bald head wearing a black hooded sweatshirt and blue jeans", walking south on North 5th Street towards Defendant Myers' location. (DSOMF ¶¶ 14–15.) Defendant Myers submits the victim positively identified Plaintiff as the person who had stolen the victim's brother's vehicle at gun point. (*Id.* ¶ 16.) Although Plaintiff failed to respond to the Motion for Summary Judgment, the Court takes notice that Plaintiff's deposition disputes this fact. Plaintiff testified at his deposition that the victim was not in any police vehicle at the time of his arrest. (Pl.'s Depo. 7/16/2021 at 35:7 to 36:3, 55:18–21, 60:17–61:6.) Defendant Myers exited his marked patrol vehicle, drew his service weapon, and ordered Plaintiff to lay on the ground. (DSOMF ¶ 17.) Defendant Green responded to assist in placing Plaintiff under arrest. (*Id.* ¶ 30.) The vehicle was processed for fingerprints and fingerprint analysis revealed Plaintiff's fingerprints were located inside the vehicle. (*Id.* ¶ 31.)

In April 2015, Plaintiff filed his initial complaint asserting claims against Defendants Myers and Green, alleging claims of false arrest and false imprisonment pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) In June 2015, Plaintiff filed an amendment to his complaint adding claims against Defendants in their official capacity, as well as claims against the county prosecutor and his assigned attorney. (ECF No. 2.) On June 30, 2015, the Court[3] entered an order screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (ECF No. 6.) The Court proceeded Plaintiff's claims against Defendants in the individual capacity and dismissed all other claims. (*Id.*) Plaintiff filed numerous letter requests and motions to amend his complaint, with proposed additional defendants and claims. (ECF Nos. 5, 9, 12, 19, 20, 27, 44, 191, 210, and 215.) The Court reviewed Plaintiff's proposed amendments and dismissed various defendants and claims. (ECF Nos. 13, 29, 62, 203, and 225.) Plaintiff's false arrest/imprisonment

---

[3] This matter was initially assigned to the Honorable Jose L. Linares. On May 22, 2019, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 93.)

claims against Defendants in their individual capacities are the only remaining claims in this matter. (*See* ECF No. 29.)

(ECF No. 253 at 2–4.) In their second Motion for Summary Judgment, Defendants add that the victim of the carjacking, Fayau Fontilus, testified at Plaintiff's criminal trial that he "returned to the [stolen] vehicle when it was located outside the Mega Nightclub, in the patrol vehicle operated by [Defendant] Myers, and at that location told [Defendant] Myers that [P]laintiff was the carjacker, at which time [Defendant] Myers placed [P]laintiff under arrest." (ECF No. 271-3 at 7.) Burson Fontilus, the owner of the stolen vehicle, "also confirmed at the criminal trial that he was taken with his brother by police car to the location of the relocated car." (*Id.*) Additionally, Defendants submit that Defendant Myers testified at Plaintiff's criminal trial that the victim of the carjacking and the owner of the vehicle were located in the rear seat of his patrol car "en route to the relocated Cadillac." (*Id.* at 8.)

David Pais, the owner of Mega Sports Bar, testified at Plaintiff's criminal trial that the bar closed at 2:00 a.m. on the day Plaintiff was arrested. (*Id.* at 8–9.) Defendant Green testified at Plaintiff's criminal trial that he entered the bar between 1:00 am and 1:30 am and "while looking at [] video he received a call to go outside immediately and observed [Defendant] Myers arresting [] [P]laintiff." (*Id.* at 9.) Finally, Defendant Green testified that Plaintiff's fingerprint was lifted from the center console gearshift of the stolen vehicle. (*Id.* at 10.)

On May 2, 2024, Defendants filed the instant Motion for Summary Judgment. (ECF No. 271.) Defendants argue that Plaintiff's claims for false arrest/false imprisonment should be dismissed because probable cause existed at the time of Plaintiff's arrest. (*See generally* ECF No. 271-3.)

## II.    LEGAL STANDARD

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The mere existence of an alleged disputed fact is not enough. Rather, the opposing party must prove that there is a genuine issue of a material fact. *Id.* An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the lawsuit. *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.*

On a summary judgment motion, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. To meet its burden, the nonmoving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Thus, the nonmoving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### III.    DECISION

Defendants' Motion is substantially similar to their previous Motion for Summary Judgment. As explained in the Court's previous Opinion, Plaintiff alleges Defendants lacked probable cause for his arrest. Plaintiff claims Defendants statements that the victim was in the police vehicle and identified Plaintiff while he was walking down the street near the carjacked vehicle is false. Plaintiff also alleges that Defendant Green's statement he was inside the sports bar reviewing camera footage at the time Plaintiff was stopped is false. (*See generally* Pl.'s Dep.) Defendants move for summary judgment on Plaintiff's § 1983 false arrest and/or false imprisonment claim. (ECF No. 271-3 at 11–14.) The only relevant difference between the instant Motion and Defendants' previous motion is that in this Motion, Defendants attach excerpts from testimony that was given during Plaintiff's criminal trial. Defendants argue that the testimony of the victim of the carjacking and the owner of the stolen vehicle at Plaintiff's trial proves that the Defendants had probable cause to arrest Plaintiff. (*Id.* at 11–12.) Defendants also argue that because Defendant Myers had probable cause to arrest Plaintiff, Defendant Green's location at the time the victim identified Plaintiff is inconsequential to the issue of probable cause. (*Id.* at 13.) Finally, Defendants argue that Plaintiff's fingerprint on the gearshift of the center console of the stolen vehicle "bolsters the guilt of Plaintiff." (*Id.* at 14.)

To state a claim for false imprisonment, a plaintiff must establish: (1) he was detained; and (2) the detention was unlawful. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). The elements of a false-arrest claim are (1) that an arrest occurred; and (2) that the arrest was made

without probable cause. *See id.* at 634. "Probable cause to arrest exists where the arresting officer has knowledge of facts and circumstances sufficient to permit a prudent person of reasonable caution to believe that the person arrested has committed an offense." *Young v. City of Hackensack*, No. 04-2011, 2005 WL 1924327, at *3 (D.N.J. Aug. 11, 2005), aff'd, 178 F. App'x. 169 (3d Cir. 2006).

In the Court's prior Opinion dated December 7, 2023, the Court denied Defendants' first Motion for summary judgment. (ECF No. 253.) The Court found that Plaintiff's sworn deposition testimony presented a material issue of fact regarding the circumstances of his arrest. (*Id.* at 7.) Defendants again fail to meet their burden to show that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. As explained above, Defendants now present the Court with excerpts from the criminal trial testimony of Defendant Myers, Defendant Green, the victim, and the owner of the vehicle, in which they all testified that the victim and the owner of the vehicle were in the rear seat of the police vehicle at the scene of Plaintiff's arrest. (*See* ECF No. 271-3 at 34–35, 38, 40–42, 55–56.) Defendants also cite to the victim's criminal trial testimony in which he testified that he identified Plaintiff at the scene as the man who stole the vehicle. (*Id.* at 34–35.) However, Plaintiff alleges that Defendants fabricated the fact that victim was in the police vehicle and identified Plaintiff. Plaintiff testified at his deposition the still images from the video footage outside of the bar shows that no one was in the backseat of the patrol car. (*Id.* at 26–27.) The Court notes that while the trial testimony of the victim does include testimony that he was in the back of the police vehicle at the scene of Plaintiff's arrest, it also includes testimony that the victim was unable to identify Plaintiff at trial. (*Id.* at 32.) During the criminal trial, the victim was asked if he saw the perpetrator of the carjacking in the courtroom, and the victim stated that juror number nine looked like the carjacker. (*Id.* at 32–33.)

In order to determine whether the victim and the car owner were in the back of the police vehicle and identified Plaintiff at the time of his arrest, the Court would need to evaluate the credibility of the testimony provided by Plaintiff, the victim, the car owner, and Defendants. However, at this stage of the litigation, it is not the proper role of the Court to choose whether to believe the officers or Plaintiff. As previously mentioned, on a motion for summary judgment, the district court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. *BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).[4]

Plaintiff's sworn deposition testimony is sufficient to establish a genuine issue of material fact regarding the circumstances of his arrest. *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) (finding sworn deposition testimony setting forth specific facts that contradict Defendants' evidence can establish a genuine issue of material fact). This factual dispute remains outstanding based on the record before the Court. The Court must view the evidence "with all reasonable inferences in favor of the nonmoving party[.]" Fed. R. Civ. P. 56; *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000). For these reasons, Defendants' motion for summary judgment is **DENIED WITHOUT PREJUDICE**.

---

[4] Defendants' arguments the Defendant Green was in the bar reviewing video footage prior to Plaintiff's arrest and that Plaintiff's fingerprint was recovered from inside the stolen vehicle do not change the Court's analysis as to whether there remains a material issue of facts as to whether Defendants had probable cause to arrest Plaintiff at the time of his arrest. Defendants fail to submit facts that Defendant Green actually viewed video footage from the bar that would have provided him with probable cause to arrest Plaintiff at the time of his arrest. Additionally, a fingerprint that was identified as Plaintiff's following his arrest, does not provide evidence of probable cause prior to his arrest. Whether Defendants had probable cause to arrest Plaintiff depends on the facts and circumstances within Defendants' knowledge at the time of the arrest, not following the arrest. *See*, *e.g.*, *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (defining standard for probable cause to arrest) (citing *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990)).

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment is **DENIED**.

(ECF No. 271.) An appropriate order follows.

Dated: October 16, 2024

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE**