**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD HIGGS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MYERS AND SHAUN GREEN,<br><br>Defendants. | Case No. 15-cv-2900 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the third Motion for Summary Judgment ("Motion") filed by Defendants Michael Meyers ("Meyers") and Shaun Green ("Green") (collectively, "Defendants"), seeking to dismiss Donald Higgs's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 56. (ECF No. 296.) Plaintiff did not file an opposition. Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

The events giving rise to this matter occurred on May 11, 2014, and led to Plaintiff being indicted by an Essex County Grand Jury on charges of first-degree carjacking, N.J.S.A. 2C:15-2(a)(1) (count one); first-degree armed robbery, N.J.S.A. 2C:15-1 (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count three); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four). (ECF No. 296-2, Defendants Statement of Undisputed Material Facts ("DSOMF") ¶¶ 7, 9.) As this is Defendants' third Motion for Summary Judgment, the Court thoroughly summarized the facts and background

in its October 16, 2024 Opinion, and the parties are familiar with the facts leading to Plaintiff's indictment, the Court only discusses the facts necessary for disposition of Defendants' Motion. (*See* ECF No. 276 at 2-4.)

Following a 2016 jury trial, Plaintiff was convicted of carjacking as charged in the indictment and second-degree robbery, a lesser included offence of count two of the indictment. (DSOMF ¶ 8.) Plaintiff was sentenced to fifteen years imprisonment on May 18, 2016. (*Id.* ¶ 28.)

Following his conviction and sentencing, Plaintiff appealed the conviction to the Appellate Division of New Jersey Superior Court. (*Id.* ¶ 30.) On February 7, 2018, the Appellate Division denied Plaintiff's appeal and affirmed his conviction. (*Id.* ¶ 31.) Plaintiff then filed a Petition for Post Conviction Relief, which was denied on May 2, 2024. (*Id.* ¶ 32.) Plaintiff remains incarcerated in the custody of the New Jersey Department of Corrections since his sentencing. (*Id.* ¶ 29.)

In April 2015, Plaintiff filed his initial complaint asserting claims against Defendants Myers and Green, alleging claims of false arrest and false imprisonment pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) In June 2015, Plaintiff filed an amendment to his complaint adding claims against Defendants in their official capacity, as well as claims against the county prosecutor and his assigned attorney. (ECF No. 2.) On June 30, 2015, the Court[1] entered an order screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (ECF No. 6.) The Court proceeded Plaintiff's claims against Defendants in the individual capacity and dismissed all other claims. (*Id.*) Plaintiff filed numerous letter requests and motions to amend his complaint, with proposed additional defendants and claims. (ECF Nos. 5, 9, 12, 19, 20, 27, 44, 191, 210, and 215.) The Court reviewed Plaintiff's proposed amendments and dismissed various defendants and

[1] This matter was initially assigned to the Honorable Jose L. Linares. On May 22, 2019, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 93.)

claims. (ECF Nos. 13, 29, 62, 203, and 225.) Plaintiff's false arrest/imprisonment claims against Defendants in their individual capacities are the only remaining claims in this matter. (*See* ECF No. 29.) The Court previously denied Defendants first and second motions for summary judgment. (*See* ECF Nos. 253, 254, 276. 277.)

On January 24, 2025, Defendants filed the third Motion for Summary Judgment. (ECF No. 296.) Defendants move for dismissal of Plaintiff's false arrest and false imprisonment claims arguing, among other things, Plaintiff's Complaint is barred by the *Heck*[2] Doctrine. (ECF No. 296-1 at 10-12.) The Court granted Plaintiff multiple extensions of time to oppose Defendants' Motion. (*See* ECF Nos. 300, 302, 304, 307, 309.) Finally, on January 21, 2026, the Court provided Plaintiff with a final extension of time and ordered that Plaintiff's opposition must be filed by February 9, 2026. (ECF No. 312.) Plaintiff failed to file an opposition and on February 12, 2026, the Court noted that Defendants' Motion would be considered unopposed. (ECF No. 315.)

## II. LEGAL STANDARD

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The mere existence of an alleged disputed fact is not enough. Rather, the opposing party must prove that there is a genuine issue of a material fact. *Id.* An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is material if, under the governing substantive law, a dispute

[2] *Heck v. Humphrey*, 512 U.S. 477, 477–78 (1994).

about the fact might affect the outcome of the lawsuit. *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.*

On a summary judgment motion, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. To meet its burden, the nonmoving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Therefore, the nonmoving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

## III. DECISION

Defendants move for summary judgment arguing that Plaintiff's false arrest and false imprisonment claims must be dismissed as they are barred by *Heck v. Humphrey*. (ECF No. 296-1 at 10-12.) The Court agrees.

It is well established that when a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. In *Heck*, the United States Supreme Court held that:

> a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance

> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983.

*Id.* This so-called "favorable termination" requirement exists to "prevent improper collateral attacks on convictions or sentences through money damages actions." *Garrett v. Murphy*, 17 F.4th 419, 426 (3d Cir. 2021).

Claims for false arrest or false imprisonment arising from the prosecution, arrest, and imprisonment leading to a plaintiff's conviction are examples of *Heck*-barred claims because success on those claims is contingent on showing unlawful arrest or imprisonment. *Ortiz v. N.J. State Police*, 747 F. App'x at 77 (3d Cir. 2018); *McGann v. Collingswood Police Dep't*, No.10-3458, 2012 WL 6568397, at *10 (D.N.J. Dec. 17, 2012) ("[E]ven assuming that Plaintiff could prove the absence of probable cause, his claims for false arrest and false imprisonment would still fail because a favorable finding on these claims would necessarily imply the invalidity of Plaintiff's municipal court guilty plea.") To determine if the *Heck* bar applies, courts "must compare the content of the plaintiff's [Section] 1983 claims with the basis of [his] conviction." *Ortiz v. N.J. State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (citation omitted).

Here, Plaintiff's claims of false arrest and false imprisonment against Defendants rest on the allegation that Defendants fabricated portions of the incident report drafted following Plaintiff's arrest, therefore Defendants lacked probable cause to arrest and imprison Plaintiff. That an officer lacked probable cause to effectuate an arrest is an essential element to a false arrest/false imprisonment claims. To bring a § 1983 claim for false arrest, a plaintiff must establish: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020)

(quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). To bring a § 1983 claim for false imprisonment, a plaintiff must establish "(1) that he was detained; and (2) that the detention was unlawful." *Id.* at 202 (quoting *James*, 700 F.3d at 682–83). When the police lack probable cause and nevertheless arrest and detain an individual, that individual may maintain both a false arrest and false imprisonment claim under § 1983. *Id.*

Plaintiff was convicted of the carjacking and second-degree robbery charges related to his arrest and imprisonment. It is clear that Plaintiff has not achieved a favorable termination of his state prosecution because he currently remains convicted of these offenses. Since a favorable termination of Plaintiff's state criminal case is a prerequisite to any civil rights claims based upon allegations of false arrest or false imprisonment, the immutable fact of Plaintiff's state court conviction defeats these claims and compels dismissal of the claims against Defendants. As such, Plaintiff's false arrest and false imprisonment claims are barred under *Heck*. For these reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 296) is **GRANTED**. An appropriate order follows.

Dated: September 8, 2026

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**